**CALLAHAN & BLAINE, APLC**
Edward Susolik (Bar No. 151081)
ES@callahan-law.com
Richard T. Collins (Bar No. 166577)
Rcollins@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California  92707
(714) 241-4444 / (714) 241-4445 [Fax]

Attorneys for Plaintiffs, RIVERSIDE
POLICE OFFICERS ASSOCIATION AND
TORRANCE POLICE OFFICERS ASSOCIATION,
on their own behalf and on behalf of a class of others
similarly situated

## UNITED DISTRICT COURT OF CALIFORNIA

## CENTRAL DISTRICT OF CALIFONIA

| | |
|---|---|
| RIVERSIDE POLICE OFFICERS ASSOCIATION and TORRANCE POLICE OFFICERS ASSOCIATION, on their own behalf and on behalf of others similarly situated, | CASE NO.  8:15-CV-1335 |
| Plaintiffs, | **COMPLAINT FOR BREACH OF ERISA FIDUCIARY DUTIES AND WRONGFUL DENIAL OF ERISA BENEFITS; DEMAND FOR JURY TRIAL** |
| v. | |
| PEACE OFFICERS RESEARCH ASSOCIATION OF CALIFORNIA LEGAL DEFENSE FUND; LEGAL DEFENSE ADMINISTRATORS, INC.; EDWARD FISHMAN; CINDI FORBES; REBECCA MANN; FRED ROWBOTHAM; DEE DEE LUNDQUIST; DUSTIN SMITH; CHRIS COULTER; KERRY CONDON; RON COTTINGHAM; MICHAEL DURANT, | |
| Defendants. | |

Complaint

## I.   PREFACE

1.   This is an action for damages, injunctive relief and declaratory relief for injuries suffered by the Plaintiffs.

## II.   JURISDICTION AND VENUE

2.   Venue is proper under 28 U.S.C. § 1391 and 15 U.S.C. §§ 15 and 22, because the Defendants transact business in, and the wrongs alleged herein occurred primarily within, the Counties of Los Angeles and Riverside in the Central District of California.

## III.   PARTIES

3.   Plaintiffs, the Riverside Police Officers Association ("RPOA") and Torrance Police Officers Association ("TPOA"), are non-profit corporations made up of police officers, employed by the City of Riverside Police Department and the City of Torrance Police Department.  The RPOA and TPOA's duties include contracting with third parties to provide legal defense to their members for incidents arising out of or affecting their employment.

4.   RPOA and TOPA, on behalf of their members, have standing pursuant to 29 U.S.C. § 1132(a)(2) to sue as either a participant or a person under 29 U.S.C. § 1002.  The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

5.   Alternatively, RPOA and TPOA have standing as persons.  The term "person" is defined by Section 1002 to mean an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association or employee organization.

Complaint

6.    Defendant, Peace Officers Research Association of California ("PORAC"), Legal Defense Fund ("LDF"), is a pre-paid legal services ERISA trust that acts as a third-party payer for law enforcement personnel who pay into the trust and request legal representation.  PORAC LDF operates nationwide but started in California and contracts with over 90% of California's law enforcement unions to provide this third-party payer service.

7.    At all relevant times herein, and for all purposes connected with management of the fund, PORAC LDF delegated its final policy making authority to Defendant Legal Administrators, Inc. ("LDA"), owned, operated and managed by Defendants, Edward Fishman, Cindi Forbes and Rebecca Mann.  PORAC LDF adopted and ratified each of the decisions of LDA, Fishman, Forbes and Mann, as alleged herein, as its own policies, customs, practices or decisions, as if the same had been promulgated directly by PORAC LDF.

8.    PORAC LDF represents itself to be a group pre-paid legal services plan and welfare benefit plan as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1).

9.    LDA is a California corporation, with its principal office located in Stockton, California.  Beginning on or about January 1, 2011, LDA has managed PORAC LDF's day-to-day operations, acting as PORAC LDF's third party administrator.

10.    Plaintiffs are informed, believe and allege that Fishman, Forbes and Mann owned LDA and manage the activities of PORAC LDF.  Fishman, Forbes and Mann maintained these positions at all relevant times and in doing the things alleged herein, Fishman, Mann and Forbes acted within the course and scope of their employment by LDA, and as an official policy maker for PORAC LDF.  As the administrators for PORAC LDF, LDA, Fishman, Forbes and Mann are vested with policy-making authority over actions such as the ones at issue in this complaint.

Complaint

11.     Plaintiffs are informed, believe and allege that LDA, Fishman, Forbes and Mann are compensated by PORAC LDF based in part on the membership totals of planned participants in PORAC LDF.

12.     Plaintiffs are informed, believe and allege that Defendants Fred Rowbotham, Dee Dee Lundquist, Dustin Smith, Chris Coulter, Kerry Condon, Ron Cottingham and Michael Durant, each reside in the State of California and have served as trustees for PORAC LDF during all relevant times alleged herein. These Defendants will, at times, be collectively be referred to as "The Trustees."

13.     LDA, Fishman, Forbes, Mann and The Trustees, are each considered fiduciaries of PORAC LDF, under 29 U.S.C. § 1102(a)(2), during all relevant times alleged herein.

14.     Defendants, and each of them, were the agents, employees, and servants of each of the other Defendants.  Defendants acted in the course and scope of said agency, employment and service at all relevant times alleged herein.

## IV.     <u>CLASS ACTION ALLEGATIONS</u>

15.     Plaintiffs bring this action on their own behalf and as a class action, pursuant to Rule 23 of the *Federal Rules of Civil Procedure*, on behalf of a class consisting of all current and former participants and beneficiaries whose individual dues have funded PORAC LDF.

16.     The members of the class are so numerous that joinder of all members is impracticable.  While the exact number of class members is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are, at a minimum, 9,000 members of the class.

17.     Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting solely individual members of the class.  Among the questions of law and fact common to the class are:

A.     Whether Defendants were fiduciaries;

Complaint

B.      Whether Defendants breached their fiduciary duties;

C.      Whether PORAC LDF and its members were injured by such breaches of fiduciary duties; and

D.      Whether the class is entitled to damages.

18.     Plaintiffs' claims are typical of the claims of the other members of the class, as Plaintiffs and all members of the class sustained injury arising out of Defendants' wrongful conduct in breaching their fiduciary duties and violating the laws of ERISA as alleged herein.

19.     Plaintiffs will fairly and adequately represent and protect the interest of the class.  Plaintiffs have retained able counsel with experience in class action litigation.  The interests of Plaintiffs are coincident with and not antagonistic to the interests of the other class members.

20.     Prosecution of separate actions by members of the class would create a risk of inconsistent adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for Defendants, or adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members who are not party to the adjudications, or substantially impair or impede their ability to protect their interests.

21.     The claims herein are made under the laws of ERISA and related principals of Federal Common Law that cannot be asserted by Plaintiffs in derivative actions against the Defendants or in class actions under securities law.

V.      **FACTS COMMON TO ALL COUNTS**

22.     Plaintiffs sought out and procured PORAC LDF's services and mutually agreed with PORAC LDF that Plaintiffs, as Member Associations, would pay dues to PORAC LDF to act as a third-party payer for Plaintiffs' legal services as set forth in the PORAC LDF plan ("The Plan").

Complaint

23.    PORAC LDF provided third party payer services as a pre-paid legal services ERISA trust to RPOA until October 9, 2013, and to TPOA until October 1, 2013.  In PORAC LDF's capacity as a third party payer, PORAC LDF would contract with law firms to provide legal representation to Plaintiffs and its other members.

24.    During the period of time that Plaintiffs were Member Associations, Plaintiffs submitted claims on their own behalf and on behalf of Plaintiffs' members ("Member Participants") and benefits had been paid under the PORAC LDF Plan Document.

25.    Up until 2011, PORAC LDF had been administered by Delta Health Benefits, an independent third party, without ties to PORAC LDF or The Trustees.

26.    In 2011, administration of PORAC LDF was taken over by LDA, Fishman, Forbes and Mann.  Fishman had previously been hired by Delta Health Benefits and had used his influence as a trustee to convince PORAC LDF to terminate its relationship with Delta Health Benefits and to instead hire his start-up company - LDA - to administer PORAC LDF.  The manner of LDA, Fishman, Forbes and Mann's compensation by PORAC LDF, based upon the number of plan participants, was never disclosed to Plaintiffs, nor was the inherent conflict of interest arising out of the manner of compensation paid to LDA, Fishman, Forbes and Mann ever disclosed.

27.    During the period of time that Plaintiffs were Member Associations, they had from time to time retained the Law Firm of Lackie, Dammeier, McGill & Ethir ("LDME") for legal actions involving Plaintiffs' Member Participants.

28.    After LDA took over administration of PORAC LDF, Fishman met with the lawyers of LDME and asked the LDME lawyers to do less work on cases for the Member Participants whose Member Associations were "maxed out" on their PORAC LDF rate.  Fishman and LDA asked the LDME lawyers to instead move their work to the Member Associations who were not maxed out.  Plaintiffs are informed, believe and allege that what LDA and Fishman were asking the LDME lawyers to do was

Complaint

1    unethical and a breach of Fishman and LDA's fiduciary duties, since the LDME
2    lawyers have a duty to provide equal representation to all Member Participants for
3    whom they have been hired to represent.

4        29.    LDA made further requests of the LDME lawyers that were unethical and
5    in breach of fiduciary duties, such as insisting that the LDME lawyers impose fee caps
6    on pending cases they were handling, without disclosing those caps to their clients and
7    Member Participants.  LDA also insisted that LDME lawyers persuade a Member
8    Association with 3,000 members to apply for a benefit plan that would not have been
9    in that client's best interests, but would have been in the best interest of LDA.  The
10   LDME lawyers refused to comply with these unethical requests by LDA.

11       30.    LDA and The Trustees acted in concert in making these unethical
12   demands of the LDME lawyers.  When the LDME lawyers would not comply, LDA
13   and The Trustees threatened the LDME attorneys with adverse consequences, and
14   ultimately removed LDME from the PORAC LDF panel of attorneys, and filed suit
15   against LDME.

16       31.    In August 2013, PORAC LDF disseminated misleading information
17   about the LDME lawyers, prompting Plaintiffs to request specific information
18   concerning the allegations about the LDME lawyers.  Plaintiffs specifically requested
19   the Minutes of The Trustees' meetings, correspondence and other documents that
20   fiduciaries have an obligation to provide to Plaintiffs.

21       32.    Plaintiffs also requested documentation concerning PORAC LDF's
22   administrative costs, in order to compare those with the cost of legal services, to
23   determine if the reduction in benefits and the termination of the LDME lawyers was in
24   the best interest of the plan members.  The Trustees also had a fiduciary obligation to
25   provide this information and documents to Plaintiffs.

26       33.    Defendants, and each of them, have refused to comply with Plaintiffs'
27   requests for information and documentation, in breach of their fiduciary duties.

28

Complaint

34.     After terminating LDME from the PORAC LDF panel, Defendants notified Plaintiffs' members that their open legal matters were being assigned to new law firms.  Plaintiffs' members were refused the opportunity to continue with their prior counsel's representation and were told that they had no choice.  Plaintiffs' members were never advised that the open cases would be transferred, nor were they permitted any input as to the selection of new lawyers.

35.     Due to the refusal to provide the requested information and documentation, and following the removal of the LDME firm from the PORAC LDF panel and reassignment of Plaintiffs' members' cases to new counsel, RPOA and TPOA elected to discontinue their membership in PORAC LDF.

36.     Forbes, on behalf of PORAC LDF and LDA, advised Plaintiffs that, upon termination by a Member Association, all benefits owed under the plan would cease, including the closing of any currently open legal matters.  PORAC LDF then sent letters to RPOA and TPOA members who had open cases, advising them that all benefits on previously accepted open cases were being terminated, despite the fact that all open cases had been initiated and approved by PORAC LDF during the coverage period for which Plaintiffs had already paid their contribution.  Benefits were also terminated for cases that originated after PORAC LDF's termination of coverage, but within the time period for which Plaintiffs had paid their contribution, as provided under Article II, Paragraph 3(b).

37.     RPOA and TPOA filed appeals pursuant to the plan procedures on behalf of their Members Participants who had open cases for which benefits were terminated. Defendants denied the consolidated appeals of the RPOA members on February 20, 2015, and the consolidated appeals of TPOA members on March 19, 2015.

## V.  <u>COUNT I - BREACH OF FIDUCIARY DUTIES</u>

Complaint

(Against All Defendants)

38.     Plaintiffs hereby incorporate each and every preceding paragraph as though fully set forth herein.

39.     PORAC LDF is described as an ERISA plan.  The laws of ERISA articulate a number of specific fiduciary duties, including the "prudent person" standard for managing plan assets, the duty of loyalty and care to plan beneficiaries, and the duty to follow the terms of the plan documents and instruments.

40.     Defendants, and each of them, had a duty to not misrepresent material facts and to disclose those material facts known to them.  In addition to these specific duties, the common law of trusts defines the fiduciaries' authority and responsibility.

41.     Defendants, and each of them, owed fiduciary duties to Plaintiffs and breached such duties by, among other things:

> A.     Failing to disclose the inherent conflict of interest in LDA, Fishman, Forbes and Mann receiving compensation based upon PORAC LDF membership totals;
>
> B.     Misrepresenting to Plaintiffs that they would provide information and documents material to the administration of the plan and the payment of benefits;
>
> C.     Attempting to coerce the LDME lawyers to engage in unethical conduct to the detriment of Plaintiffs;
>
> D.     Amending the plan document to include a limitation of action provision, as well as other amendments, designed to avoid paying benefits owed to Plaintiffs and other plan members;
>
> E.     Misrepresenting PORAC LDF's financial stability, whereas PORAC LDF is undercapitalized and cannot meet its obligations owed to plan participants without the reliance upon future contributions;

Complaint

F.    Making imprudent decisions concerning the administration of claims, resulting in increased expenses that were passed on to Plaintiffs and other plan members in the form of higher premiums.

42.    Plaintiffs are informed, believe and allege that Defendants, and each of them, engaged in additional wrongful conduct, including, but not limited to, receiving electronic equipment paid for by PORAC LDF and using such equipment for personal use, obtaining travel benefits for personal use, and otherwise using plan assets to benefit themselves. As a result of Defendants' breach of fiduciary duties, Plaintiffs seek to enjoin the alleged ERISA violations and to prevent any further financial gain to Defendants until a complete accounting of PORAC LDF funds have been provided and until all document requested have been produced to Plaintiffs.

43.    Plaintiffs further seek other appropriate, equitable relief, including enforcement of the plan to restore Plaintiffs' benefits that have been wrongfully denied, reformation of the plan to preclude the termination of benefits for ongoing claims, and surcharge for losses resulting from the breaches of fiduciary duties and to prevent Defendants' unjust enrichment.

44.    As a direct and proximate result of Defendants' breach of fiduciary duties, Plaintiffs also seek recovery of losses resulting from each such breach, and restoration to the plan any profits made through the use of plan assets.

45.    Plaintiffs further seek recovery of attorney fees and costs, interest on delayed benefit payments, and civil penalties, as well as any and all other relief the Court may deem just and proper.

## VII.  COUNT II - WRONGFUL DENIAL OF PLAN BENEFITS
### (Against All Defendants)

46.    Plaintiffs hereby incorporate each and every preceding paragraph as though fully set forth herein.

Complaint

47.    Plaintiffs and their members are entitled to benefits under the PORAC LDF plan for all legal expenses incurred in connection with legal proceedings covered by The Plan.

48.    As alleged herein, Defendants, and each of them, wrongfully denied Plaintiffs the benefits owed under The Plan.

49.    Plaintiffs have fully performed each and every obligation required of them under The Plan, have fully followed and complied with all Plan obligations and PORAC LDF By-Laws, have exhausted all administrative remedies provided by The Plan, and have no other plain and speedy remedy other than seeking relief pursuant to this action.

50.    Plaintiffs have been denied coverage for legal matters that were open and pending under The Plan, for which benefits are owed, and have been denied the opportunity to receive those Plan benefits for legal matters that have arisen after PORAC LDF terminated coverage for Plaintiffs and their members, as alleged herein.

51.    Defendants, and each of them, had a duty to provide an explanation for the denial of benefits claimed by Plaintiffs under The Plan.  Defendants, and each of them, breached this duty by failing and refusing to provide a rationale for the denial of benefits and failing and refusing to communicate with Plaintiffs regarding the denial of benefits, the appeal of such denials, and any limitation of action provision purportedly provided by The Plan.

52.    Defendants, and each of them, further breached their duties by failing and refusing to fully and fairly review the denial of benefits to Plaintiffs, in breach of their fiduciary duties.

53.    Defendants further breached their duties by amending and modifying the PORAC LDF Plan document for their own personal gain, and to deprive Plaintiffs of their right to seek a legal determination as to the wrongful denial of Plan benefits.

54.    As a legal and proximate result of Defendants' wrongful denial of benefits, Plaintiffs were forced to seek alternative legal counsel to provide

Complaint

representation for Plaintiffs' members, incurring significant attorney fees and costs, well in excess of $250,000, that should have been covered under The Plan benefits.

55.    As a further legal and proximate result of Defendants' wrongful denial of benefits, Plaintiffs seek damages including the attorney fees and costs incurred that should have been covered under The Plan, as well as any and all further remedies deemed just and proper, including, but not limited to, restitution in position of a constructive trust, injunction and specific performance.

56.    Plaintiffs further seek recovery of attorney fees and costs, interest on delayed benefit payments, and civil penalties, as well as any and all other relief the Court may deem just and proper.

## VIII.  PRAYER

Wherefore, Plaintiffs pray:

1.    For general, special, compensatory and statutory damages and civil penalties available under the above causes of action;

2.    For injunctive relief as described above;

3.    For declaratory relief as described above;

4.    For costs of suit;

5.    For attorney fees; and

6.    For any and all other appropriate relief the Court deems proper and just.

Complaint

## IX.  **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

DATED: August 20, 2015                    **CALLAHAN & BLAINE, APLC**

                                  By:   /s/ Richard T. Collins
                                            Edward Susolik
                                            Richard T. Collins
                                  Attorneys for Plaintiffs, RIVERSIDE
                                  POLICE OFFICERS ASSOCIATION AND
                                  TORRANCE POLICE OFFICERS
                                  ASSOCIATION, on their own behalf and on
                                  behalf of a class of others similarly situated

Complaint