# EXHIBIT A



# PLAN DOCUMENT
# OF THE LEGAL DEFENSE FUND

## OF THE

# PEACE OFFICERS
# RESEARCH ASSOCIATION OF CALIFORNIA
(Including Summary Plan Description and Complaint Procedure)

(As amended through January 14, 2011)

5/31/2011

# PORAC LEGAL DEFENSE FUND

To All Participants in the Legal Defense Fund:

This booklet is being distributed to give you complete information about the structure, operation and benefits concerning the Legal Defense Fund of the Peace Officers Research Association of California (PORAC) or other applicable sponsoring organization.

For your convenience in using this booklet, it is divided into three parts:

> Part I contains the Summary Plan Description (as required by federal law), with general information about the administration of the Fund and structure of the Benefit Plans.

> Part II contains the complete text of the LDF Plan Document, setting forth all provisions concerning coverage and benefits.

> Part III contains the LDF complaint procedure.

We recommend that you read this booklet carefully so that you will be fully informed as to the eligibility requirements and available benefits.  If you have questions which the booklet does not answer, or if any clarifications are needed, please contact the LDF Legal Administrator.  **Only the LDF Legal Administrator represents the Board of Trustees in administering the Plan and giving information relating to the amount of benefits, eligibility, and other provisions of the Plan.  Statements by other persons including local association personnel or PORAC headquarters personnel are not authorized and will not be binding on the Board of Trustees or the Legal Defense Fund**.

We, the Trustees, as fellow peace officers, are pleased and honored to work on the design and administration of the Legal Defense Fund.

Sincerely,

BOARD OF TRUSTEES OF THE
PORAC LEGAL DEFENSE FUND

DeeDee Lundquist, Region I
Andy Schlenker, Region II, Chair
Roger Stephenson, Region III
Fred Rowbotham, Region IV
William Abernathie, PORAC Board Representative

**WARNING:  If you resign from your employment, you may lose your LDF coverage.  Read Article II, Sections 4 and 5 of this Plan Document for details.**

**I.  SUMMARY PLAN DESCRIPTION** ................................................................................. **1**

**II.  LDF PLAN DOCUMENT** ............................................................................................... **6**

**ARTICLE I - DEFINITIONS** ............................................................................ **7**

**ARTICLE II - ENTITLEMENT TO BENEFITS** ............................................ **10**

1. Initial Entitlement to Benefits ........................................................... 10

2. Method of Application ........................................................................ 10

3. Required Contributions ...................................................................... 11

4. Termination of Benefits ..................................................................... 13

5. Extended Coverage ............................................................................ 14

**ARTICLE III - BENEFITS** .............................................................................. **17**

1. Benefit Plan I -- Civil, Criminal and Administrative Actions ........... 17

2. Benefit Plan II -- Civil and Criminal Actions ................................... 17

3. Benefit Plan III -- Civil, Criminal and Limited Administrative Actions ................................ 18

4. Benefit Plan IV -- Reserve Officers -- Civil and Criminal Actions .............................. 19

5. Expanded Reserve Officer Option -- Limited Administrative Coverage ............................... 19

6. Co-payments and Deductibles ............................................................ 19

7. Limits on Benefits for Participants Who Are New Peace Officers or Public Safety Employees ......................................................... 21

8. Benefits for Participants Who Are Department Heads ....................... 22

9. Representation for Concerted Labor Activity ..................................... 22

10. Representation Involving Affirmative Relief .................................... 22

11. Right of a Deceased Participant's Estate ........................................... 23

12. Cases of General Importance ............................................................ 23

13. Benefit Plan V -- Retiree Coverage................................................... 23

**ARTICLE IV - EXCLUSIONS AND LIMITATIONS** ....................................................... **25**

    1. Exclusions ............................................................................................................ 25

    2. Limitations ........................................................................................................... 27

    3. Coordination of Benefits ..................................................................................... 29

    4. Benefits Paid According to Fee Schedule ........................................................... 30

**ARTICLE V - CLAIMS PROCEDURES** ...................................................................... **30**

    1. Participant's Duty to Notify Legal Administrator of Claim ................................. 30

    2. Telephone Hot Line (Emergency) ....................................................................... 30

    3. Acceptance or Denial of Claim by Legal Administrator ..................................... 30

    4. Referral by Legal Administrator to Panel Attorney or Field Representative ...... 30

    5. Dissatisfaction or Non-Cooperation with Panel Attorney or Field Representative ............... 31

    6. Appeal Procedures .............................................................................................. 31

**ARTICLE VI - MISCELLANEOUS** .............................................................................. **32**

    1. Limitation of Rights ............................................................................................ 32

    2. Applicable Laws and Regulations ....................................................................... 32

    3. Confidentiality ..................................................................................................... 32

    4. Independent Contractors ..................................................................................... 33

    5. Waivers ................................................................................................................ 33

    6. Interpretation of the Trust Agreement and the Plan ............................................ 33

    7. Non-Assignment of Benefits ............................................................................... 33

    8. Extent of Liability ............................................................................................... 33

    9. Standard of Review ............................................................................................. 33

**ARTICLE VII - AMENDMENT AND TERMINATION** ................................................ **34**

**III. LDF COMPLAINT PROCEDURE** .......................................................................... **34**

## SUMMARY PLAN DESCRIPTION OF THE
## PORAC LEGAL DEFENSE FUND

**(a)**    **Name of Plan:**  This Plan is known as the Legal Defense Fund of the Peace Officers Research Association of California (PORAC).

**(b)**    **Name, Address and Telephone Number of Sponsoring Organization:**  This Plan is sponsored by PORAC, the name, address and telephone number of which is:

> Peace Officers Research Association of California
> 4010 Truxel Rd
> Sacramento, CA  95834-3725
> (916) 928-3777   (800) 93-PORAC

This Plan is sponsored in states outside of California by other peace officer organizations.

**(c)**    **Identification Number:**  The employer identification number assigned to the Legal Defense Fund by the Internal Revenue Service is EIN 94-2381827.  The Plan number is 501.

**(d)**    **Type of Plan:**  Group prepaid legal services plan.

**(e)**    **Type of Administration:**  This Plan is administered by a Board of Trustees, with the assistance of Police Benefits Administration, a contract administrative organization.

**(f)**    **Name, Address and Telephone Number of Plan Administrator:**

> Board of Trustees
> PORAC Legal Defense Fund
> c/o Police Benefits Administration
> P.O. Box 2487
> 555 W. Benjamin Holt Drive, Suite 320
> Stockton, CA  95201
> (888) 556-5631 -- 24-hour emergency number

**(g)**    **Name and Address for Service of Process:**  The Board of Trustees has designated Police Benefits Administration as agent for purposes of accepting service of legal process on behalf of the Legal Defense Fund.  The address for Police Benefits Administration is set forth in item (f) above.

Each member of the Board of Trustees is also an agent for purposes of accepting service of legal process on behalf of the Legal Defense Fund.  The names, addresses and phone numbers of Trustees are set forth in item (h) below.

1

**(h)**     **Names, Titles and Addresses of Trustees:**

DeeDee Lundquist (Region I)  
Sonoma County Law Enforcement  
Association  
PO Box 187  
Sebastopol, CA  95473  
Lundquist2028@comcast.net  (e-mail)

Roger Stephenson (Region III)  
El Segundo Police Officer's Association  
348 Main Street  
El Segundo, CA  90245  
roger@thevine.net  (e-mail)

Andy Schlenker (Region II)  
Chairman,  
Modesto Police Management  
Association  
600 Tenth Street  
Modesto, CA  95354  
adschlenker@comcast.net  (e-mail)

Fred Rowbotham (Region IV)  
Chula Vista Police Officer's Association  
PO Box 848  
Chula Vista, CA  91912  
fredrowbotham@cox.net  (e-mail)

William Abernathie (PORAC Board Rep.)  
San Bernardino County SEBA  
735 E. Carnegie Drive, Ste 125  
San Bernardino, CA  92408  
wabernathie@seba.biz  (e-mail)

**(i)**     **Applicable Collective Bargaining Agreement:**  None.

**(j)**     **Participation, Eligibility and Benefits:**

1. Any active peace officer (as that term is defined in Section 18 of Article I of the Plan) (or an equivalent position in a state other than California), any other active peace officer as defined in the bylaws of PORAC or other applicable sponsoring organization, and any public safety employee (as that term is defined in Section 21 of Article I of the Plan) shall be entitled to participation and benefits under the Plan upon the payment of the contributions, co-payments and deductibles set forth in Articles II and III of the Plan Document, provided that each such peace officer or public safety employee is a member of a Member Association which is a member of PORAC or other applicable sponsoring organization or is someone in whose name a Member Association makes contributions to the Legal Defense Fund.

2

2.      Any reserve peace officer (as that term is defined in Section 18 of Article I of the Plan) and any other reserve peace officer as defined in the bylaws of PORAC or other applicable sponsoring organization shall be entitled to participation and benefits under the Plan upon the payment of the contributions and deductibles set forth in Articles II and III of the Plan Document, provided that each such reserve peace officer is a member of a Member Association which is a member of PORAC or other applicable sponsoring organization and whose members meet the requirements of Section 18(ii) of Article I of the Plan Document.

3.      Benefits are set forth in Article III of the Plan Document.

**(k)    Circumstances Which May Result in Ineligibility or Denial of Benefits:** A Participant who is eligible for benefits under the Plan may become ineligible and be denied coverage for events occurring, claims made, or services performed after any of the following happens:

1.      Termination of the Participant in the Plan, in the Participant's Member Association, or in PORAC or other applicable sponsoring organization.

2.      Termination of employment of the Participant, including termination due to voluntary resignation.

3.      Termination of membership in PORAC or other applicable sponsoring organization or in the Plan by the Participant's Member Association.

4.      Nonpayment of contributions by the Participant through the Member Association.

5.      Nonpayment of co-payments or deductibles by the Participant.

6.      Failure by the Participant to file a claim for benefits or to appeal within the time periods set forth in the Plan Document.

7.      Amendment or termination of the Plan.

8.      Transfer of the Participant's Member Association from one Benefit Plan to another. Such a transfer may happen once a year, absent compelling circumstances as determined by the Trustees, pursuant to the Member Association's selection. The selection must be made during the second Calendar Quarter and will be effective on the following July 1.

**(l)    Source of Contributions:** The Plan is financed by contributions paid by individual Participants through the Member Association as set forth in the Plan Document, the earnings on said contributions, and co-payments and deductibles as required by the Plan.

**(m)  Entities Used for Accumulation of Assets and Payment of Benefits:**  The contributions are received and held by the Board of Trustees in the PORAC Legal Defense Fund pending the payment of benefits and administrative expenses.  The Board of Trustees pays benefits directly from the Legal Defense Fund.

**(n)  End of Plan Year:**  The Plan Year runs from January 1 through December 31 of each year.

**(o)  Use of Assets upon Termination:**  The Board of Trustees has the authority to terminate the Plan.  In the event of the termination of the Plan, any and all monies and assets remaining in the Fund, after payment of expenses, shall be used for the continuance of the benefits provided by the then existing Benefit Plans, until such monies and assets have been exhausted.

**(p)  Procedures to Be Followed in Presenting Claims for Benefits:**  To present a claim for benefits under the Plan, it is necessary to notify the LDF Legal Administrator at the Police Benefits Administration office:

> Mr. Edward Marc Fishman
> Legal Administrator
> Police Benefits Administration
> P.O. Box 2487
> 555 W. Benjamin Holt Drive, Suite 320
> Stockton, CA  95201
> **(888) 556-5631 -- 24-hour Telephone Number**

For more details, see Article V of the Plan Document.

**(q)  Remedies Available for Redress of Claims Which Are Denied:**  In the event a claim for benefits is denied, the Legal Administrator will furnish written notification to the Participant within ninety (90) days of receipt of the Participant's claim.  (A claim shall not be considered to have been received by the Legal Administrator until receipt of any transcripts as required by Article IV of the Plan.)  In the event the Legal Administrator does not respond within ninety (90) days, the claim shall be deemed to have been denied.  The Participant may appeal to the Board of Trustees for a hearing in the matter, provided that he or she makes the request in writing within sixty (60) calendar days after receiving written notice of the denial.  The Participant may upon request examine documents pertinent to the denial and may submit to the Trustees written issues and comments.  For more details, see Article V, Section 6 of the Plan Document.

4

The Trustees shall conduct a hearing no later than ninety (90) calendar days after receipt of the Participant's written request for review, at which hearing the Participant shall be entitled to present his or her position and any evidence in support thereof. The Participant may be represented at the hearing, at the Participant's expense, by an attorney or by any other representative of his or her choosing.

The Trustees shall issue a written decision within 120 days after the hearing on the Participant's appeal, affirming, modifying, or setting aside the previous decision. For more details, see Article V of the Plan Document.

(r)    **Statement of ERISA Rights:**    As a Participant in the Legal Defense Fund, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

ERISA provides that all Plan participants shall be entitled to:

**Receive information About Your Plan and Benefits**

Examine, without charge, at the Plan Administrator's office and at other specified locations, such as worksites and union halls, all documents governing the Plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the Plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Pension and Welfare Benefit Administration.

Obtain, upon written request to the Plan Administrator, copies of documents governing the operation of the Plan, including insurance contracts and collective bargaining agreements, and copies of the latest annual report (Form 5500 Series) and updated Summary Plan Description. The administrator may make a reasonable charge for the copies.

Receive a summary of the Plan's annual financial report. The Plan Administrator is required by law to furnish each participant with a copy of this summary annual report.

**Prudent Actions by Plan Fiduciaries**

In addition to creating rights for Plan Participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit Plan. The people who operate your Plan, called "fiduciaries" of the Plan, have a duty to do so prudently and in the interest of you and other Plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a benefit or exercising your rights under ERISA.

**Enforce Your Rights**

If your claim for a benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of Plan Documents or the latest annual report from the Plan and do not receive them within thirty (30) days, you may file suit in a Federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a State of Federal court. If it should happen that Plan fiduciaries misuse the Plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a Federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees if, for example, it finds your claim is frivolous.

**Assistance with Your Questions**

If you have any questions about your Plan, you should contact the Plan Administrator. If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the Plan Administrator, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Pension and Welfare Benefits Administration.

**LDF PLAN DOCUMENT**
**PREAMBLE**

**WHEREAS,** the Peace Officers Research Association of California (PORAC) is an incorporated association which is organized on a federated structure composed of individual peace officer and public safety associations from various law enforcement and public safety jurisdictions; and

6

**WHEREAS,** peace officers and public safety employees have been subjected in recent years to a variety of litigation arising out of the performance by them of their law enforcement and public safety duties; and

**WHEREAS,** PORAC established in 1974 a trust fund to provide legal service benefits known as the Legal Defense Fund, governed by a Board of Trustees whose powers and duties include control and management of a prepaid group legal services plan;

**NOW, THEREFORE,** the Board of Trustees does hereby restate the Plan Document, effective as of January 14, 2011, as set forth in the following pages.

# ARTICLE I
## DEFINITIONS

1.   "Administrative" -- relating to the specific department or agency which employs a Participant.

2.   "Administrative Office" -- the administrative office of the Legal Defense Fund:

   Police Benefits Administration
   P.O. Box 2487
   555 W. Benjamin Holt Drive, Suite 320
   Stockton, CA 95201

3.   "Benefit Plan" -- one of the four plans described below in Article III under which Participants are entitled to certain benefits.

4.   "Board of Trustees" or "Trustees" -- the Board of Trustees of the Legal Defense Fund.

5.   "Calendar Quarter" -- the three-month period beginning on the first day of January, April, July or October of each calendar year.

6.   "Concerted Labor Activity" -- concerted failure to work, to respond to orders to work, or concerted use of sick leave or calling in sick, but not to encompass criminal conduct, including but not limited to vandalism, petty theft, arson and assault.

7.   "Employment" -- employment as a Peace Officer or Public Safety Employee, as defined herein.

8.   "Event" -- act or omission of a Participant which gives rise to civil, criminal or administrative action; "event" does not refer to civil, criminal or administrative action.

9.      "Field Representative" -- an individual ineligible for active membership in a Member Association and experienced in the representation of employees in administrative disciplinary matters who works under the supervision of a Panel Attorney or has established a relationship with a Panel Attorney satisfactory to the Trustees.

10.     "Legal Administrator" -- a person or legal entity appointed from time to time by the Trustees to supervise the provision of services under the Plan.

11.     "Legal Defense Fund" -- the entity created by the Trust Agreement, and property and money held by such entity, including all contract rights and records.

12.     "Member Association" or "Association" -- any association of Peace Officers and/or Public Safety Employees (i) which is an active member of PORAC, (ii) which satisfies PORAC's requirements for limited membership, other than the certification requirement, or (iii) which is an active member of another sponsoring organization.

13.     "Military Service" -- full-time, active duty service with the armed forces of the United States, including the Coast Guard, or of the State of California, provided that such service occurs (i) during a war involving the United States as a belligerent, (ii) during a national security emergency, as declared by the President of the United States or by Congress, or (iii) during a domestic civil disturbance or natural disaster, as declared by the appropriate state or federal office.  "Military Service" shall also mean the time spent by a Participant on active duty training or on weekend training with a reserve component of the armed forces or of the National Guard.

14.     "*Miranda*" -- *Miranda v. Arizona* (1966) 384 U.S. 436, requires that criminal suspects be advised of the right to remain silent, that any statements made can and will be used against the suspect, of the right to counsel, and of the right to appointed counsel if the suspect cannot afford one.

15.     "Monitor" -- action by the Legal Administrator or his or her designee to observe the progress of a civil case against a Participant in which defense has been tendered to the Participant's employer under Article IV, Section 2(a)(2), to determine whether the appointment of a Panel Attorney as individual counsel for the Participant is necessary. Monitoring may include but shall not be limited to receipt and review of pleadings, discovery documents and status reports from employer's legal counsel, and discussion with the employer's legal counsel when necessary.

16.     "Panel Attorney" -- an attorney ineligible for active membership in a Member Association and selected from time to time by the Trustees to supervise and provide legal services under the Plan.

17.     "Participant" -- a Peace Officer or Public Safety Employee who qualifies for benefits under this Plan pursuant to Article II hereof.

18.     "Peace Officer" -- (i) any active peace officer, (ii) any reserve peace officer who has completed basic training, and (iii) any other active peace officer, as defined in the bylaws of PORAC or other applicable sponsoring organization, provided that each such peace officer is a member of a Member Association or is someone in whose name a Member Association makes contributions to the Legal Defense Fund.  In California, to determine issues of peace officer status or basic training, reference shall be made to applicable California statutes, e.g., Penal Code section 830 et seq., or Penal Code section 832.6; for other jurisdictions, reference shall be made to comparable statutes, or, in the absence of such statutes, to California statutes by analogy.

19.     "Plan" or "Legal Defense Fund Plan" -- the group prepaid legal services plan as set forth herein and any amendment thereto.

20.     "PORAC" -- Peace Officers Research Association of California.

21.     "Public Safety Employee" -- any person not a peace officer who is employed by a law enforcement or public safety agency and who is a member of a Member Association or in whose name a Member Association makes contributions to the Legal Defense Fund.

22.     "Scope of Employment" --  generally defined as actions or omissions by a Peace Officer or Public Safety Employee which are typical of or associated with the duties which a Peace Officer or Public Safety Employee is hired, trained, and paid to perform, as determined by the Board of Trustees.

23.     "*Skelly*" -- *Skelly v. State Personnel Board* (1975) 15 Cal.3d. 194, requires a public agency to provide employees with an opportunity to respond to the disciplining authority, personally or in writing, within a reasonable time.  This applies only to employees with a property right or a liberty interest in their employment.

24.     "Trust Agreement" -- the trust agreement establishing the Legal Defense Fund, and any amendments, extensions or renewals thereof.

25.      "Weapon" - a firearm issued by the Participant's department to the Participant or permitted by the Participant's department to be carried by the Participant on-duty or off-duty, excluding non-lethal or less-than-lethal devices or instruments or mechanisms, such as but not limited to an electronic control device, beanbag shotgun, pepper ball gun, tear gas canister, or similar device or instrument of mechanism as determined by the Board of Trustees in the sole exercise of their discretion.

## ARTICLE II
## ENTITLEMENT TO BENEFITS

1.     **Initial Entitlement to Benefits**

A Peace Officer or Public Safety Employee shall be entitled to benefits for events which occur after all of the following has occurred:

(a)     **Proper Application to LDF** -- the date on which the Legal Administrator is in actual receipt of an application to the Legal Defense Fund which in the judgment of the Legal Administrator properly meets the requirements of Sections 1(c) and 2 of this Article;

(b)     **Contributions Made to LDF** -- the Member Association makes required contributions on behalf of more than fifty percent (50%) of its members; and

(c)     **Review by Board of Trustees** -- The Board or the Legal Administrator, if the Board so provides, shall review each application to insure that the Member Association satisfies the eligibility policies adopted by the Board.

2.     **Method of Application**

(a)     **Application** -- Application for participation in the Plan shall be submitted by a Member Association to the Legal Defense Fund on forms provided by the Trustees.  A Peace Officer or Public Safety Employee can make application to the Plan only through his or her Member Association.

(b)     **List of Participants** -- There shall be attached to each application a list of each and every Peace Officer or Public Safety Employee upon whose behalf application is made.

(c)     **Choice of Plan** --

(1)     The application shall indicate in which Benefit Plan as described in Article III hereof the Member Association chooses to participate and which payment or other option as described in Article III, Sections 5-6 hereof the Member Association selects.  Except as provided in Section 2(c)(4) of this Article, a Member Association shall be entitled to enroll its members in one Benefit Plan only and select only one of the payment options set forth in Section 6(a) of Article III.

(2)     Reserve Peace Officers may be enrolled only in Benefit Plan IV and the expanded reserve officer option (limited administrative coverage) set

10

forth in Section 5 of Article III. Those Member Associations with both reserve Peace Officers and Peace Officers shall join a Benefit Plan other than Benefit Plan IV, shall inform the Administrative Office of the names of any reserve Peace Officers in the Member Association, and shall pay the contributions applicable to such reserve Peace Officers.

(3)     A Member Association shall be allowed to select a different Benefit Plan and/or a different payment or other option for its membership only once a year, absent compelling circumstances as determined by the Trustees, as follows:  the Member Association shall indicate its intent to change Benefit Plans or options on a "Change of Benefit Plan or Payment or Other Option" form only during the second Calendar Quarter, with the change to become effective the following July 1.  Coverage for events occurring before or after the effective date of a plan change shall be provided pursuant to the terms of the successor Benefit Plan.

(4)     A Member Association may be permitted to enroll in more than one Benefit Plan, provided that compelling circumstances exist and that the Member Association's application satisfies the Fund's eligibility policies, all as determined by the Trustees.

## 3.     Required Contributions

**(a)     Amount** -- The contributions required in order to be entitled to benefits under the Plan are as follows:

**(1)     Quarterly contributions** -- Each Member Association shall make quarterly contributions per Participant, based on a monthly rate as set from time to time by the Board of Trustees.  Contact the Legal Administrator for details on the contribution schedule for each Benefit Plan.

**(2)     Co-payments and deductibles** -- In addition, each Participant whose Member Association has selected a Benefit Plan in Article III with co-payments and/or deductibles as required by Section 6 of Article III of the Plan shall pay such co-payments and/or deductibles within the time limits set forth below.

**(b)     Time of Payment of Quarterly Contributions** -- Payment of the contributions set forth in Section 3(a) of this Article, absent compelling circumstances and subject to such conditions as determined by the Trustees, shall be made in full on a quarterly basis by each Member Association to the Legal Defense Fund on or before the day preceding the first day of the Calendar Quarter for which each payment applies and shall be deemed delinquent on the first day of such Calendar

Quarter.  A Member Association or Participant may join mid-quarter by payment of a prorated contribution.

Termination of a Participant's participation in the Legal Defense Fund shall not result in any refund of the contributions.  A Member Association shall receive credit for up to one quarter's worth of contributions in a subsequent quarter for the contributions paid on behalf of Participants whose coverage terminated in the current or an earlier quarter.  Requests for credit in excess of one quarter's worth of contributions shall be determined by the Trustees and granted only upon a showing of compelling circumstances.  No refunds of contributions will be made by the Fund to individual Participants.

(c)     **Method of Payment** -- Payment shall be deemed to have been made as of the date of postmark on the envelope containing the payment, provided it has been properly addressed to the Legal Defense Fund at its Administrative Office.  The foregoing shall not apply, however, where payment is made by a check which is not honored at the bank upon which it was drawn.

(d)     **Effect of Delinquency** -- If payments are not made as required in this Section, benefits under the Plan for the Participants of the delinquent Member Association shall cease in accordance with procedures adopted by the Trustees.  Neither the delinquent Member Association nor any of its Participants shall thereafter be entitled to the benefits of the Plan for any period during which the delinquent Association is in default of payment.

**Late Payment** -- Notwithstanding the provisions of the immediately preceding paragraph, if the delinquent payment is made within two (2) months of the payment due date, entitlement to benefits shall be reinstated, effective retroactively to the payment due date, on the date of actual payment of all contributions and interest, if any, billed.  Any such late payments shall automatically be applied first to the periods of delinquency and then, if sufficient, to the current period.

**New Application** -- If the delinquency continues for more than two (2) months, the Association shall be deemed to have terminated its participation and must reapply for membership.  Upon reapplication within the current or subsequent quarter, and subject to a determination of good cause by the Trustees, entitlement to benefits may be reinstated, effective retroactively to the original payment due date.  In such cases, the Association shall pay all delinquent contributions and interest.

12

    **(e)**    **Payment of Co-payments and Deductibles** -- Payment of co-payments and deductibles required of Participants under Article III of the Plan shall be made as follows:

    (1)    Payment of any required deductible shall be made immediately upon notification by the Legal Administrator that such deductible is due to the Legal Defense Fund.  Notwithstanding any other provision of the Plan, no further services will be provided under the Plan to a Participant who has been notified that a deductible is due until receipt by the Plan of such deductible.

    (2)    Payment of any required co-payments shall be made within thirty (30) days of the date of the invoice for such co-payments sent by the Legal Administrator to the Participant.

    (3)    If a Participant fails to remit required co-payments to the Plan within sixty (60) days of the date of the original invoice for such co-payments, then, notwithstanding any other provision of the Plan, provision of services to the Participant will cease as of the sixtieth (60th) day from such invoice date, and will not resume until all co-payments due are paid in full.

**4.**    **Termination of Benefits**

The benefits for a Participant shall automatically terminate:

    **(a)**    When his or her participation (i.e., through non-payment of contributions, co-payments or deductibles hereunder) in the Legal Defense Fund terminates; or

    **(b)**    When his or her membership in PORAC or other applicable sponsoring organization terminates; or

    **(c)**    When membership in his or her Member Association terminates; or

    **(d)**    Subject to Section 5 of this Article, when the employment of the Participant terminates; or

    **(e)**    When the Participant voluntarily resigns as a Peace Officer or Public Safety Employee and Section 5(a)(v) of this Article does not apply; or

    **(f)**    When the participation of the Member Association in PORAC or other applicable sponsoring organization or the Plan terminates, whether voluntarily, by failure to pay organization dues or Plan contributions, or otherwise; or

**(g)**      When the participation of the Member Association in the Plan falls to fifty percent (50%) or less of the Member Association's membership, not including retirees and reserves; or

**(h)**      When the Member Association transfers from one Benefit Plan to another Benefit Plan, to the extent that the latter does not provide benefits which are provided by the former; or

**(i)**      When the participant ceases to participate in the Plan through the Member Association which is the recognized employee organization for the bargaining unit which includes the Participant's position.

## 5.      Extended Coverage

Notwithstanding subsections (a) through (e) but subject to subsections (f) through (i) of Section 4 of this Article, a Participant shall be entitled to the applicable benefits of subsections (a), (b), (c), (d), (e) and (f) of this section, provided in all cases that the Participant would otherwise be entitled to benefits.

**(a)**      **Involuntarily Terminated Participants**

        (i)      A Participant who is being involuntarily terminated shall be entitled to benefits for actions arising from events involving the involuntary termination of employment.

        (ii)      Provision of benefits for one type of action, i.e., administrative, shall not automatically entitle the Participant to benefits for another type of action, i.e., criminal.

        (iii)      If coverage has been granted under subsection (a) (i) above and a second or subsequent action involving the Participant is commenced after termination of employment, the Participant shall be entitled to benefits for the second or subsequent action only if (1) the new action arises from the events giving rise to the involuntary termination and (2) the Participant notifies the Legal Administrator of the second or subsequent action within twelve (12) months of termination of employment.

        (iv)      A Participant who is being or has been involuntarily terminated shall be entitled to benefits for (1) actions for which coverage was granted prior to termination of employment and (2) actions involving events which preceded and are unrelated to the events involving the termination of employment, provided that the Participant notifies the Legal Administrator of the action within twelve (12) months of termination.

(v)    A Participant who resigns after the occurrence of any of the following shall be deemed to have been involuntarily terminated for purposes of civil and criminal coverage only:

    (A)    receipt from his or her employer of a formal written notice of intent to terminate, i.e., a *Skelly* notice; or

    (B)    the existence of surrounding circumstances which clearly and convincingly indicate that issuance of a *Skelly* notice is imminent; or

    (C)    the Participant's assigned Panel Attorney or Field Representative has advised the Participant to resign, with the advice being reduced to writing, signed by the Participant, and transmitted within five (5) working days of signing to the Legal Administrator; or

    (D)    other good cause as determined by the Board of Trustees.

A Participant's administrative coverage shall not under any circumstances be reinstated, including but not limited to circumstances where a criminal proceeding against the Participant ends favorably for the Participant. Nor shall such a Participant be entitled to coverage to bring a constructive discharge, wrongful termination, or related action.

**(b)**    **Laterally Transferred Participants**

Subject to Section 7 of Article III, a Participant who laterally transfers from one agency to another agency within a reasonable period not to exceed ninety (90) days and who immediately becomes and remains a Participant at the second agency shall be entitled to benefits in accordance with the Benefit Plan in effect at the initial agency for any event occurring while the Participant was employed as a Peace Officer or Public Safety Officer at the initial agency.

**(c)**    **Retired Participants**

A former Participant shall be entitled to benefits in accordance with the Plan for any act or omission occurring while he or she was a Participant, if, subsequent to the act or omission, he or she retires pursuant to the retirement rules of his or her jurisdiction.

**(d)**    **Laid-Off Participants**

A Participant who has been involuntarily laid off from employment due to a reduction in force, a reorganization of operations, the disbanding of a department, or

the consolidation or merger of the Participant's department with another department or agency shall be entitled to legal representation in accordance with the Benefit Plan in effect on the effective date of the lay-off in any civil or criminal action brought against him or her arising from any act or omission of the Participant within the scope of his or her employment, provided that the Participant notifies the Legal Administrator of the action no later than the end of twelve (12) calendar months from the effective date of the lay-off.  Absent compelling circumstances, a Participant shall not be entitled to receive representation with respect to any administrative disciplinary action brought against the Participant.

**(e)**     **Promoted, Demoted, or Transferred Participants**

Subject to Section 8 of Article III, a Participant, whose coverage has terminated due to a promotion, demotion or transfer within an agency, shall be entitled to benefits for events occurring prior to the promotion, demotion, or transfer in accordance with the Benefit Plan applicable to the Participant on the date of the event.

**(f)**     **Leave of Absence for Military Service**

A Participant while on a voluntary or involuntary leave of absence for Military Service shall be entitled to benefits under the Benefit Plan applicable to the Participant immediately prior to the leave of absence for events occurring prior to the leave of absence.  For events occurring during the leave of absence, such coverage shall be provided only if each of the following is satisfied:

i)     the Participant pays dues during the leave of absence for Military Service; and

ii)     the event occurs within the jurisdiction in which the Participant is legally authorized to exercise peace officer powers or, in the case of a public safety employee, the jurisdiction in which the employee is employed; and

iii)     the event does not arise out of or relate to, either directly or indirectly, the Participant's scope of Military Service responsibilities.

The Participant's Association is to notify the Fund promptly if the Participant does not elect to pay dues during the leave of absence for Military Service.

16

# ARTICLE III
# BENEFITS

Subject to the exclusions and limitations set forth in the Plan, a Participant is entitled to the benefits provided under the Benefit Plan, as described hereinafter, for which the Member Association has properly applied and for which the required contributions have been made.

1.    **Benefit Plan I – Civil, Criminal and Administrative Actions**

A Participant whose Member Association has chosen Benefit Plan I shall be entitled to the following services:

**(a)**    Legal representation in any civil or criminal action and representation by a Panel Attorney or Panel Field Representative in an administrative disciplinary action brought against him or her arising from any act or omission of the Participant within the scope of his or her employment, including civil, criminal or administrative disciplinary action brought as the result of the Participant's involvement in Concerted Labor Activity, subject to the conditions set forth in Section 9 of this Article.

**(b)**    Representation by a Panel Attorney or Panel Field Representative in any departmental administrative investigation or informal non-adversary pre-disciplinary hearing, e.g., a *Skelly* hearing, if the action arose from an act or omission of the Participant not within the scope of his or her employment.

(i)    Expanded Non-Scope Coverage Option – Each Member Association which has applied for benefits under Benefit Plan I shall be entitled to elect additional coverage to supplement section 1(b) of this article.  This additional coverage shall continue up to and including the hearing on an appeal from the discipline, including arbitration or a civil service commission hearing, but coverage shall not extend to any form of post-hearing appeal, including judicial review.

**(c)**    All customary, necessary, and reasonable services related to an action described in subsection (a), (b) or (b)(i) hereof, including where it appears reasonably probable that such an action will be commenced.

2.    **Benefit Plan II -- Civil and Criminal Actions**

A Participant whose Member Association has chosen Benefit Plan II shall be entitled to the following services:

**(a)**    Legal representation in any civil or criminal action brought against him or her arising from any act or omission of the Participant within the scope of his or her employment, including civil or criminal action brought as a result of the Participant's involvement in Concerted Labor Activity, subject to the conditions set forth in Section 9 of this Article.

**(b)**    All customary, necessary, and reasonable services related to an action described in subsection (a) hereof, including where it appears reasonably probable that such an action will be commenced.

**3.    Benefit Plan III -- Civil, Criminal and Limited Administrative Actions**

A Participant whose Member Association has chosen Benefit Plan III shall be entitled to the following services:

**(a)**    Legal representation in any civil or criminal action and representation by a Panel Attorney or Panel Field Representative in the types of administrative disciplinary actions set forth in subsection (c) hereof brought against him or her arising from any act or omission of the Participant within the scope of his or her employment, including civil, criminal or limited administrative disciplinary action brought as the result of the Participant's involvement in Concerted Labor Activity, subject to the conditions set forth in Section 9 of this Article.

**(b)**    All customary, necessary, and reasonable services related to an action described in subsection (a) hereof, including where it appears reasonably probable that such an action will be commenced.

**(c)**    Administrative disciplinary action, as set forth in this Benefit Plan III, shall include only those actions which arise from any act or omission by the Participant within the scope of the Participant's employment in which:

**(1)**    1) the Participant discharges a weapon (as defined in section 25 of Article I (Definitions); or

**(2)**    serious injury or death occurs; or

**(3)**    "*Miranda*" warnings are given to the Participant and are not followed by an admonition that any statement made in an administrative interrogation may not be used in criminal proceedings against the officer.  See, e.g., *Lybarger v. City of Los Angeles*, 40 Cal.3d 822 (1985); or

18

(4)     the Participant has been given formal written notice of proposed administrative discipline in the form of a suspension of more than forty (40) hours or the financial equivalent thereof.

**4.     Benefit Plan IV – Reserve Officers – Civil and Criminal Actions**

A Participant whose Member Association has chosen Benefit Plan IV shall be entitled to the following services:

**(a)**     Legal representation in any civil or criminal action brought against him or her arising from any act or omission of the Participant within the scope of his or her employment, including any civil or criminal action brought as the result of the Participant's involvement in Concerted Labor Activity, subject to the conditions set forth in Section 9 of this Article.

**(b)**     All customary, necessary, and reasonable services related to an action described in subsection (a) hereof, including where it appears reasonably probable that such an action will be commenced.

**5.     Expanded Reserve Officer Option -- Limited Administrative Coverage**

A Participant whose Member Association has chosen both Plan IV and this option shall be entitled to representation by a Panel Attorney or Panel Field Representative in any departmental administrative investigation arising from any act or omission of the Participant within the scope of his or her employment as a reserve Peace Officer, including investigations relating to the Participant's involvement in Concerted Labor Activity, subject to the conditions set forth in Section 9 of this Article, with coverage terminating upon the conclusion of the investigation and not continuing past receipt by the Participant of a written notice of adverse action or similar notice, whether oral or written.

**6.     Co-payments and Deductibles**

Each Member Association which has applied for benefits under Benefit Plan I, II, or III shall in addition apply for one of the payment options set forth in paragraph (a) below, and, if the Member Association selects option (a)(2), (a)(3), or (a)(4), provision of benefits to any Participant belonging to such Member Association shall be conditioned upon the Participant's timely payment of the co-payments and/or deductible required by the payment option selected by the Member Association.  Each Member Association's selection of a payment or other option hereunder shall be made during the time period set forth in Article II, Section 2(c) hereof.

**(a)     Payment Options** -- The four payment options are as follows:

(1)     Payment of a per-Participant contribution rate as described in Article II, Section 3(a) (1) and set by the Trustees thereunder.

(2)     Payment of a per-Participant contribution rate as described in Article II, Section 3(a)(1) and set by the Trustees thereunder, and, in addition, payment by the Participant of a deductible in the amount and under the circumstances described in paragraph (b) below.

(3)     Payment of a per-Participant contribution rate as described in Article II, Section 3(a)(1) and set by the Trustees thereunder, and, in addition, payment by the Participant of the co-payments in the amount and under the circumstances described in paragraph (c) below.

(4)     Payment of a per-Participant contribution rate as described in Article II, Section 3(a)(1) and set by the Trustees thereunder, and, in addition, payment by the Participant of both a deductible and co-payments in the amounts and under the circumstances described in paragraphs (b) and (c) below, respectively.

**(b)**    **Deductibles** --

(1)     Civil – A Participant otherwise entitled to benefits on account of a civil action brought against him or her shall pay a five hundred dollar ($500) deductible immediately upon assignment of active counsel to the Participant by the Legal Administrator, prior to the provision of any benefits by the Plan.

(2)     Administrative – A Participant otherwise entitled to benefits on account of an administrative action brought against him or her shall pay a five hundred dollar ($500) deductible after the receipt of the results of the *Skelly* hearing in such action prior to the provision of any further benefits by the Plan.

(3)     Criminal – A Participant otherwise entitled to benefits on account of a criminal action brought against him or her shall pay a five hundred dollar ($500) deductible immediately after arraignment upon a misdemeanor charge or immediately after arraignment in Superior Court upon a felony charge, prior to the provision of any further benefits by the Plan.

**(c)**    **Co-payments** -- A Participant otherwise entitled to benefits on account of a civil, criminal or administrative action brought against him or her shall make co-payments to the Plan in the amount of ten percent (10%) of the first five thousand dollars ($5,000) of fees and costs incurred on his or her behalf, to a

20

maximum total co-payment of five hundred dollars ($500). A Participant's liability for such co-payments shall commence immediately upon a grant of coverage under the Plan.

**(d)**  **Maximum Payments Required from Participants** -- The maximum payment required of a Participant for all services provided by the Plan attributable to any event shall be five hundred dollars ($500) for Participants whose Member Associations have applied for payment option (a)(2) or (a)(3) above. The maximum payment required of a Participant for all services provided by the Plan attributable to any event shall be one thousand dollars ($1,000) for Participants whose Member Associations have applied for payment option (a)(4) above. These maximum Participant payment amounts shall not include any transcript costs required to be paid by the Participant under the Plan.

**(e)**  **Exclusions from Co-payments and Deductibles** -- Notwithstanding the payment or other option applied for by a Member Association, no Participant shall be required to pay either a co-payment or a deductible imposed by Section 6 in connection with an action arising out of an on-duty discharge of a firearm in the performance of active law enforcement duties. In addition, no Participant shall be required to pay a co-payment or a deductible for legal Monitoring services provided pursuant to Article IV, Section 2(a) (2) of the Plan.

**(f)**  **Determination of Co-payments and Deductibles** -- All entitlement to benefits under this Plan and obligations to make co-payments or deductibles hereunder shall be determined under the payment option applicable at the time the claim is first made to the Legal Administrator, notwithstanding that the Participant's Member Association elects a different payment option subsequent to that time.

**7.**  **Limits on Benefits for Participants Who Are New Peace Officers or Public Safety Employees**

A Participant who is probationary, according to the rules of his or her local jurisdiction, shall be entitled to representation in accordance with the Benefit Plan chosen by the Member Association; provided, however, that:

**(a)**  In the event of termination or rejection during the probationary period, benefits shall be limited to representation in informal non-adversary pre-disciplinary administrative hearings, e.g., a *Skelly* hearing.

**(b)**  Any jurisdiction which does not set an official probationary period shall be considered for purposes of this Section to have a probationary period of one (1) year following the commencement of employment.

21

8.    **Benefits for Participants Who Are Department Heads**

A Participant who is a Chief of Police, Sheriff, Marshal, or other Chief Administrative Officer, shall be entitled to representation in accordance with the Benefit Plan chosen by the Member Association only in relation to civil, criminal or administrative disciplinary actions taken against him or her because of his or her personal performance of active law enforcement duties, i.e., when he or she is acting in his or her capacity as a Peace Officer or a Public Safety Employee rather than as an administrator or department head.

He or she will not be entitled to the benefits of the Plan in relation to civil, criminal or administrative disciplinary actions arising from any act, omission or performance of activities in his or her capacity as an administrator or department head.

9.    **Representation for Concerted Labor Activity**

A Participant shall be entitled to representation, including representation in a civil or criminal contempt action, in accordance with the Benefit Plan chosen by the Member Association, for Concerted Labor Activity arising out of a dispute over wages, hours, terms, or conditions of employment between the Participant's Member Association and his or her employer, provided that:

(a)    The Board of Trustees approves benefits under the Plan after establishing that the Participant's Member Association has exhausted all reasonable procedures or other means to resolve the labor dispute and did so prior to resorting to any such Concerted Labor Activity; and

(b)    The Participant's Member Association has been covered under the Plan for at least six (6) months prior to the date of such Concerted Labor Activity; and

(c)    The Board of Trustees' approval under subsection (a) occurs prior to the occurrence of any Concerted Labor Activities, absent compelling circumstances as determined by the Board of Trustees.

A participant shall not be entitled to benefits with respect to Concerted Labor Activities occurring more than ninety (90) calendar days after approval by the Board of Trustees under subsection (a), unless extended by the Board of Trustees.

10.    **Representation Involving Affirmative Relief**

(a)    Subject to subsection 10(b) hereof, a Participant may be entitled to representation arising from any act or omission within the scope of a Participant's employment and seeking legal or equitable affirmative relief in any court or tribunal of appropriate jurisdiction.

22

**(b)** Benefits shall not be provided under this Section unless the Board of Trustees determines, considering all material factual circumstances and legal issues, that there exists a reasonable likelihood of one of the following:

(1) A favorable statewide impact on members of PORAC or other applicable sponsoring organization employed in the same state as the Participant due to the legal issues presented, or

(2) In the absence of a favorable statewide impact, a recovery sufficient to reimburse the Legal Defense Fund for all of its expenditures associated with the action, including but not limited to attorneys' fees and expenses and costs.

The Board of Trustees shall, in its sole discretion, impose the conditions upon which benefits under this Section are granted.

**11.    Right of a Deceased Participant's Estate**

The estate of a deceased person who was a Participant at the time of his or her death shall be entitled to the benefits under this Plan to which the Participant was entitled at the time of his or her death.

**12.    Cases of General Importance**

The Board of Trustees may, in its sole discretion, authorize that legal service benefits be provided for matters of general importance and significance to Participants in any court or tribunal of appropriate jurisdiction.  In determining whether to authorize benefits under this Section, the Trustees shall consider the factors set forth in Section 10(b) of this Article.

**13.    Benefit Plan V – Retiree Coverage**

**(a)** A Participant who satisfies (d)(1)-(2) and (5) of this section and who is a  Retired Associate Member of PORAC ("RAM") shall be entitled to representation by a Panel Attorney or Panel Field Representative in the administrative appeal of a denial of a permit to carry concealed firearms by the agency from which the participant retired, provided that the Participant within six months prior to the date of the denial was either (i) a Peace Officer and an active employee of a law enforcement jurisdiction or (ii) a possessor of a permit.

**(b)** A Participant who is a Qualified Retired Law Enforcement Officer and a member of RAM and who possessed within 6 months of retirement a valid concealed weapons permit issued by the agency from which the Participant retired and who at time of

the incident giving rise to the request for coverage possessed a valid concealed weapons permit from the agency in the jurisdiction in which the Participant then resided or from which the Participant retired shall be entitled to:

(1)    Legal representation in any civil or criminal action brought against him or her arising from the use of a firearm in defense of self or others where an imminent threat of serious bodily harm to self or others is present.

(2)    Legal representation in any criminal action brought against him or her arising from the possession of a concealed firearm that is not precluded under local law.

(3)    Notwithstanding anything in this subsection to the contrary, a Participant who satisfies subsections (d) (1)-(5) and is also a retired federal law enforcement officer shall not be required to have been issued a valid concealed weapons permit from the department from which the Participant retired, but shall be required to possess a valid permit at the time of the incident issued by the agency in the jurisdiction in which the Participant then resided.

**(c)**    All customary, necessary, and reasonable services related to an action described in subsections (a) and (b) hereof, including where it appears reasonably probable that such an action will be commenced.

**(d)**    For purposes of Benefit Plan V, a Qualified Retired Law Enforcement Officer is defined to mean an individual who:

(1)    retired in good standing as a law enforcement officer, other than for reasons of mental instability; and

(2)    immediately before retirement, exercised peace officer powers; and

(3)    has received and passed annually any firearms training required by the agency issuing the Participant's concealed weapons permit; and

(4)    at the time of the incident was not under the influence of alcohol or another intoxicating or hallucinatory drug or substance; and

(5)    is not prohibited by state or federal law from carrying a firearm;  and

(6)    carries the identification described in subsection (e) of this section.

24

(e)     The identification required under this section is a photographic identification issued by the agency from which the Participant retired which indicates that the Participant has passed required firearms training or which is supplemented by a state certificate to this effect.

(f)     Excluded from coverage under this Benefit Plan V are incidents arising from domestic violence or from military service or the use of weapons in sport or hunting, incidents occurring outside of the United States, incidents arising from employment as a private investigator or in a private security capacity or other employment, incidents among family members, and incidents occurring before the effective date of coverage or after the effective date of the termination of coverage.

(g)     Individuals who within six months prior to the date of application to be a member of RAM were participants in another Benefit Plan shall be deemed to have an effective date of participation in Benefit Plan V with respect to coverage under section 13(a) (but not with respect to coverage under section 13(b)) that is ten calendar days prior to the date the application was received by PORAC.

(h)     Coverage under section 13(a) is limited to representation in a single appeal if the Participant does not prevail in the appeal. In any event a Participant shall be limited to coverage for two appeals in a ten-year period commencing with the date of coverage for the first appeal, unless compelling circumstances exist for coverage of additional appeals as determined by the Board of Trustees in the exercise of its sole discretion.

## ARTICLE IV
## EXCLUSIONS AND LIMITATIONS

In addition to the exclusions and limitations set forth elsewhere in this Plan, the following exclusions and limitations shall apply:

**1.     Exclusions**

The provision of benefits under the Plan shall be subject to the following exclusions:

(a)     **Employment Practices** -- No benefits shall be provided under the Plan for any action brought by a Participant arising out of any violation of, or covered by provisions of, the Equal Employment Opportunity Act, 42 U.S.C. Section 2000(3) et seq.; the Age Discrimination in Employment Act, 29 U.S.C. Section 623 et seq.; the Americans With Disabilities Act, 42 U.S.C. Section 12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq.; the Labor-Management Relations Act, 29 U.S.C. Section 141 et seq.; the Occupational

Safety and Health Act, 29 U.S.C. Section 651 et seq.; the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. Sections 4301-4333; the federal civil rights statutes, i.e., 42 U.S.C. Section 1983 et seq., insofar as the subject matter of the action is similar to that of any of the above-described statutes; the federal or any state constitution, insofar as the subject matter of the action is similar to that of any of the above-described statutes; or any law, statute, ordinance, regulation, or rule of similar type or description enacted by the federal government or any state or political subdivision thereof, including but not limited to counties, districts, and cities, and which is similar either on its fact or as applied to any of the above-described statutes.

(b)    **Retirement** -- No benefits shall be provided under the Plan to obtain, protect, preserve, or set aside pension or retirement benefits, including disability retirement benefits, under any federal, state, county, city, or city and county pension retirement system.

(c)    **Workers' Compensation** -- No benefits shall be provided under the Plan for any action within the jurisdiction of the Workers' Compensation Appeals Board; for any action to obtain, protect, preserve, or set aside workers' compensation benefits, industrial or non-industrial disability benefits, social security benefits, disability, health or other insurance benefits of a like or similar nature; or for any action for benefits payable under or because of an industrial injury, illness, disease, or death, whether by contract or otherwise, arising out of any of the provisions of a state Workers' Compensation Act or any similar federal, state, county, city, or city and county ordinance, law, resolution, regulation, or any contract of insurance.

(d)    **Civil Service Disputes** -- No benefits shall be provided under the Plan for any action to obtain, protect, preserve, or set aside any benefits or position with respect to any civil service, merit system, or personnel eligibility list for appointment or promotion to a position.

(e)    **Punitive or Other Damages** -- No benefits shall be provided under the Plan to cover any monetary award for damages, including but not limited to punitive or compensatory damages, whether by judgment, settlement or otherwise against a Participant in any action.

(f)    **Attorneys' Fees** -- No benefits shall be provided under the Plan to cover the attorneys' fees or costs of an opposing party awarded against a Participant in any action.

(g)    **Minor Discipline** -- In cases where the proposed discipline is a reprimand or suspension less than one (1) workday or its financial equivalent, a participant shall

26

be entitled to benefits under the applicable Benefit Plan until the date a written notice of proposed discipline is issued (and delivered) to the participant.

**(h)**     **Breach of Employment Contract** -- No benefits shall be provided under the Plan related to proceedings brought against a Participant for breach of an agreement with his or her employer to remain employed.

**(i)**     **Health Conditions –** No benefits shall be provided under the Plan related to proceedings involving the health condition of a Participant, including physical and psychological conditions.

**(j)**     **Bonds –** No benefits shall be provided under the Plan to pay for a bail bond or an appeal bond.

**2.**     **Limitations**

The provision of benefits under the Plan shall be subject to the following limitations:

**(a)**     **Civil Action Against Public Employee and Employer**

**(1)**     **Employer Accepts Defense and Agrees to Indemnify**

No benefits shall be provided under the Plan in any civil proceedings in which the Participant's employer or its insurer, whether by agreement, policy or operation of law, e.g., California Government Code Section 825 regarding "Indemnification of Public Employees" or Section 995 regarding "Defense of Public Employees" or applicable case law, agrees to or undertakes to provide a defense, agrees to or undertakes to indemnify the Participant for all general and punitive damages arising out of the proceedings, and is entitled to so agree or undertake under the laws of the applicable jurisdiction.

**(2)**     **Reservation of Rights by Employer**

In the event the Participant's employer agrees to defend the Participant but refuses to fully indemnify the Participant (including indemnification for punitive damages) or asserts a reservation of rights as to the indemnification of the Participant pending the outcome of the proceedings, then the Participant shall be entitled to benefits as set forth in Article III hereof, if the following two requirements are met:

27

(A)    The Legal Administrator determines, in accordance with the advice of legal counsel with expertise in the field of civil litigation, that there is a considerable likelihood that punitive damages will be awarded against the Participant, based on a conflict of interest or other circumstances; and

(B)    The Legal Defense Fund is subrogated to the Participant's rights against the employer or its insurer.

In the event that these two requirements are not satisfied, the Legal Defense Fund shall Monitor the case to ascertain if a considerable likelihood of punitive damages subsequently arises, in which event, provided that the Legal Defense Fund is subrogated to the Participant's rights against the employer or its insurer, the case will then be referred to a Panel Attorney and benefits will be provided as set forth in Article III hereof.

**(3)    Employer Refuses Defense**

In the event the employer or its insurer refuses to defend the civil proceedings, then the Participant shall be entitled to the benefits under the Benefit Plan selected by the Member Association, and the Legal Defense Fund shall be subrogated to the Participant's rights against the employer or its insurer.

**(b)    Third-Party Recovery** -- In the event that a Participant recovers from any third party any amounts as damages (other than lost compensation), attorneys' fees, or costs in a case in which the Legal Defense Fund provided benefits, the Legal Defense Fund shall be entitled to reimbursement from such Participant to the full extent of the expenditures made by the Legal Defense Fund on behalf of said Participant hereunder.  Participants agree to cooperate with the Legal Defense Fund in obtaining reimbursement and, upon request, to execute any and all necessary documents.  If a Participant has a cause of action against any third party for damages, attorneys' fees, or costs and does not wish to pursue the action, he or she will, upon request, assign those rights to the Legal Defense Fund to the extent lawfully permissible and assist the Legal Defense Fund in its prosecution of such action.

**(c)    Non-Cooperation or Misrepresentation by Participant** -- No benefits shall be provided to a Participant who is untruthful to his or her Panel Attorney or Field Representative or who does not cooperate with his or her Panel Attorney or Field Representative.  In such a case, the right of the Participant to benefits hereunder may be terminated or suspended.

28

Furthermore, if benefits are provided to a Participant based upon misrepresentations by the Participant to the Legal Administrator or the Board of Trustees, the Legal Defense Fund shall be entitled to terminate or suspend benefits hereunder and to obtain reimbursement from the Participant for the full amount expended by the Fund for services and costs on behalf of the Participant.

**(d)** **Non-Interference** -- No provision of the Plan shall require the Legal Administrator or its employees or agents, or Panel Attorneys or any attorneys associated with them, to perform any act in violation of any State Bar Rule of Professional Conduct, including but not limited to any rule which prohibits any organization or group from interfering with or controlling the performance of an attorney's duty to his or her client.

**(e)** **Settlement Opportunity or Jeopardy** -- Benefits may be terminated in the event the Legal Administrator determines that it is in the best interest of a Participant to cease his or her participation in any particular case, including but not limited to cases where continued proceedings may subject the Participant to more severe civil, criminal or administrative sanctions, damages, or attorneys' fees, or where the Participant has rejected a reasonable settlement proposal to resolve his or her case.

**(f)** **Appeal** -- No benefits shall be provided to appeal a decision by an administrative tribunal or a court, unless the Legal Administrator determines upon written request from the Participant that there exists a reasonable likelihood of success on the appeal or that the requirements set forth in Article III, Section 10(b) are satisfied. In addition, no benefits shall be provided pursuant to this subsection unless the participant pays in advance seventy-five percent (75%) of any applicable transcript costs, including transcripts for use by the Legal Administrator in considering a request for benefits under this subsection.

**(g)** **Geographical Scope of Coverage --** If a proceeding, whether judicial or administrative or arbitration or otherwise, occurs outside of the geographical area in which the Fund is operating, which the Board of Trustees in the sole exercise of its discretion shall periodically designate, then a participant shall not automatically be entitled to benefits under any benefit plan but shall instead receive only such benefits as the Board of Trustees in the sole exercise of its discretion deems appropriate and reasonable.

**3.** **Coordination of Benefits**

Benefits under the Plan shall not be provided to the extent they are furnished to a Participant by any other plan, program or policy which provides group legal services to Peace Officers or Public Safety Employees.

29

**4.      Benefits Paid According to Fee Schedule**

Benefits under the Plan will be provided in accordance with the fee schedule for Panel Attorney or Field Representative services adopted by the Board of Trustees from time to time.  The Legal Defense Fund shall not be responsible for any charges made by a Panel Attorney, Field Representative, or other person in excess of such fee schedule.


# ARTICLE V
# CLAIMS PROCEDURES

**1.      Participant's Duty to Notify Legal Administrator of Claim**

A Participant shall be obligated to notify the Legal Administrator of his or her claim for benefits before he or she is entitled to any benefits under the Plan.  Notification to any Trustee, Panel Attorney, Field Representative, PORAC personnel, the personnel of another sponsoring organization or any party other than the Legal Administrator is ineffective to obtain entitlement to benefits.  Failure to notify the Legal Administrator shall relieve the Legal Defense Fund of any obligation to provide benefits.


**2.      Telephone Hot Line (Emergency)**

The Legal Administrator shall maintain a 24-hour-a-day telephone service to respond to Participants' needs for services.  The number is **(888) 556-5631**.


**3.      Acceptance or Denial of Claim by Legal Administrator**

The Legal Administrator shall consider each claim for Plan benefits and determine whether to grant or deny coverage under the Plan.  If coverage is granted, the Participant's Member Association shall be notified, provided the Association has requested notification.  If the claim is denied, the Participant has the right to appeal a denied claim pursuant to the procedures described in Section 6 of this Article V.


**4.      Referral by Legal Administrator to Panel Attorney or Field Representative**

The Legal Administrator shall refer representation of a Participant who is entitled to benefits to a Panel Attorney or Field Representative.  In making such a referral, the Legal Administrator shall, where feasible, select a Panel Attorney or Field Representative who meets the approval of such Participant's Member Association.  Any dispute concerning the referral of a case to a Panel Attorney or Field Representative may be appealed by the Participant to the Board of Trustees pursuant to Section 6 of this Article V.

**5.**     **Dissatisfaction or Non-Cooperation with Panel Attorney or Field Representative**

Subject to the appeal rights described in Section 4 above, if a Participant unreasonably refuses representation by the Panel Attorney or Field Representative selected to represent him or her or fails or refuses to accept the advice of the Legal Administrator or a Panel Attorney or Field Representative, the Plan shall be free from further obligation to such Participant to provide benefits or otherwise.  Such Participant shall be free to employ counsel at his or her own expense to represent him or her.

**6.**     **Appeal Procedures**

**(a)**     **Denial** -- If a claim for Plan benefits made by a Participant is wholly or partially denied, the Legal Administrator shall give written notification of such denial to the Participant within ninety (90) days of receipt of the Participant's claim for benefits.  In the event the Legal Administrator does not provide written notice of its decision within ninety (90) days of the Participant's claim, the claim shall be deemed denied.  (A claim shall not be considered to have been received by the Legal Administrator until receipt of any transcripts required by Article IV of the Plan.)  The notification shall include the following information:

    (1)     The specific reason(s) for such denial;

    (2)     Specific reference to the Plan provisions upon which the denial is based;

    (3)     A description of any additional material or information which may be needed to clarify or complete the claim and an explanation of why such information is required; and

    (4)     An explanation of the Plan's review procedure with respect to the denial of benefits.

**(b)**     **Request for Hearing**

    (1)     Any Participant whose claim has been denied may appeal to the Trustees to conduct a hearing in the matter, provided that he or she requests the hearing in writing within sixty (60) calendar days after being notified of the denial; and provided further that the request for a hearing explains to the degree possible why the reasons for the denial are inapplicable.  The Participant may request and examine documents pertinent to the denial and may submit written issues and comments to the Trustees.

    (2)     The Trustees shall conduct a hearing no later than ninety (90) calendar days after   receipt   of   the Participant's   written   request   for   a   hearing.

The Participant shall be entitled to present his or her position and any evidence in support thereof at the hearing.    The Participant may be represented at the hearing by an attorney or any other representative of his or her choosing at the Participant's expense.    Within one hundred twenty (120) days of the hearing on the Participant's appeal, the Trustees shall issue a written decision, affirming, modifying, or setting aside the Legal Administrator's decision.

## ARTICLE VI
## MISCELLANEOUS

**1.    Limitation of Rights**

Neither the establishment of the Plan or the Legal Defense Fund, nor any modifications thereof, nor the creation of any fund or account, nor the payment of any benefits, shall be construed as giving any Participant or other person any legal or equitable right of action or recourse against PORAC or its employees or agents, any other sponsoring organizations or its employees or agents, the Legal Defense Fund or its agents or employees, or the Trustees, except as provided in the Plan and in the Trust Agreement.

**2.    Applicable Laws and Regulations**

References in the Plan to any particular sections of any local, state or federal statute shall include any regulation pertinent to such sections and any subsequent amendments to such sections or regulations.    Except where the Plan specifically refers to state law, the Plan and the Legal Defense Fund shall be governed by ERISA.

**3.    Confidentiality**

A provider of services to a Participant pursuant to a Benefit Plan, whether an attorney or a field representative, shall not divulge to third parties matters which a Participant revealed to the provider in confidence.    A provider shall, however, be entitled to provide information to the Fund, including to its Trustees or its Legal Administrator, concerning a Participant's case.    The Fund, including its Trustees or its Legal Administrator, shall not reveal to third parties matters revealed to it in confidence by such Participant in the course of his or her application for benefits or receipt of benefits from the Fund.    The Fund, including its Trustees or its Legal Administrator, shall, however, be permitted to provide to Member Associations general information concerning that Association's usage under the Benefit Plan for the purpose of assisting that Association in its budgetary process or in its selection of Benefit Plans or cost containment options offered in the Plan.

4.    **Independent Contractors**

All Panel Attorneys, Field Representatives, and other providers of service are independent contractors and not agents of the Legal Defense Fund.

5.    **Waivers**

The Board of Trustees, for good cause shown as determined by the Board, is authorized to waive any financial assessment or fee imposed upon an Association pursuant to this Plan Document or to trust policy, including but not limited to a waiver of interest.   This authorization does not extend to requests by individual Participants for waivers.

6.    **Interpretation of the Trust Agreement and the Plan**

The Board of Trustees possesses full authority and power to interpret the terms of the Trust Agreement and this Plan Document.   The Board of Trustees also possesses full authority to determine whether any claim for benefits is to be granted or denied.

7.    **Non-Assignment of Benefits**

An eligible individual shall not have the right to assign, alienate, transfer, sell, hypothecate, mortgage, encumber, pledge, commute, or anticipate any benefit payment hereunder. Benefits hereunder shall not be subject to levy or execution or attachment or garnishment.

8.    **Extent of Liability**

The benefits provided by this Plan are not insured by any contract of insurance, and there is no liability on the Board of Trustees or other individual or entity to provide payment over and beyond the amount in the trust collected and available for such purpose.

9.    **Standard of Review**

No action of the Board of Trustees may be revised, changed, or modified by any arbitrator, court, or other entity unless the party seeking such action has exhausted all of its administrative remedies under this Plan Document and is able to show by clear and convincing evidence that the Board of Trustees' decision was arbitrary and capricious in light of the information actually made available to the Board at the time of its decision.

## ARTICLE VII
## AMENDMENT AND TERMINATION

1.    In order that the Board of Trustees may carry out its obligation to maintain, within the limits of its resources, a program dedicated to providing the maximum possible benefits for all Participants, the Trustees expressly reserve the right, in their sole discretion, at any time and from time to time, but upon a non-discriminatory basis:

    **(a)**    To amend or terminate any benefit, even though such amendment or termination affects cases already accepted by the Legal Administrator, provided that the responsibility of the Legal Defense Fund to pay for approved services previously rendered shall not be affected;

    **(b)**    To increase the rate of contributions or alter the method of payment thereof; and

    **(c)**    To amend or rescind any other provision of this Plan.

## LDF COMPLAINT PROCEDURE

It is the policy of the Board of Trustees to encourage and solicit comments regarding the administration of the Legal Defense Fund. Any person who is dissatisfied with any aspect of the administration of the Legal Defense Fund is requested to follow the complaint procedure below; provided, however, that denials of Plan benefits are appealable only as set forth in Article V, Section 6, of the Plan.

1.    Complaints should be set forth in writing and directed to any or all members of the Board of Trustees, with copies to any persons who may be the subject of the complaint.

2.    Within fourteen (14) days of the receipt of the complaint, the Chairman of the Board of Trustees or his designee shall contact the complainant and ascertain if the complainant, any person named in the complaint, or any of the Trustees wish to conduct a hearing on the matter before the Board of Trustees. If so, a hearing will be scheduled at the next regular Board meeting at which the complainant and persons named in the complaint are available to attend. If more immediate action is appropriate, the parties may participate in a conference telephone call.

3.    At the hearing, all interested parties will be entitled to appear and discuss the matter.

**LEGAL DEFENSE FUND
OF THE
PEACE OFFICERS RESEARCH ASSOCIATION OF
CALIFORNIA**

LDF Legal Administrator
Edward Marc Fishman, Esq.
P.O. Box 2487
Stockton, CA  95201-2487
(888) 556-5631
ldf@delapro.com
www.porac.org/ldf